# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 1:18-cv-276-FDW

| | |
|---|---|
| **MARVIN H. JOHNSON,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )<br>) **ORDER** |
| **KENNETH LASSITER, et al.,** | )<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion for Production of Documents, (Doc. No. 16), and Motion to Amend and/or Motion for Reconsideration, (Doc. No. 17).

Plaintiff's Motion for Production will be denied because it is premature and has been misdirected to the Court. See Local Rule 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); Local Rule 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition.").

In Plaintiff's Motion to Amended and/or Reconsideration, he seeks dismissal without prejudice and asks that the Court waive the filing fee so that he is not charged twice for the same lawsuit.

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of

1

a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Plaintiff seeks to file a Second Amended Complaint but he fails to attach a proposed Second Amended Complaint to his Motion. However, Plaintiff may file a Second Amended Complaint within **14 days** of the date of this Order. Although Plaintiff is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. See, e.g., Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). The Amended Complaint must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). If Plaintiff fails to comply with this Order, the Court will proceed on the Amended Complaint.

To the extent that Plaintiff asks the Court to waive the filing fee, this is denied. See 28 U.S.C. § 1915(b)(1) (the Prison Litigation Reform Act ("PLRA") provides that, "if a prisoner brings a civil action … *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee…."). However, Plaintiff will not be charged a second filing fee should he choose to file a Second Amended Complaint.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Production of Documents, (Doc. No. 16), is **DENIED.**

(2) Plaintiff's Motion to Amend and/or Motion for Reconsideration, (Doc. No. 17), is **GRANTED** in part and **DENIED** in part as stated in this Order.

(3) Plaintiff may file a Second Amended Complaint within **14 days** of this Order. Should he choose not to do so, the case will proceed on the Amended Complaint, (Doc. No. 5).

(4) The Clerk of Court is instructed to mail Plaintiff a blank § 1983 form.

Signed: January 25, 2019

Frank D. Whitney
Chief United States District Judge