UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-276-FDW

| | |
|---|---|
| MARVIN H. JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| KENNETH LASSITER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss for Failure to Exhaust Administrative Grievances re: PLRA, (Doc. No. 29).

I. **BACKGROUND**

*Pro se* incarcerated Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983 along with four other inmates alleging, *inter alia*, that their forced participation in an RDU Program at Marion Correctional Institution violates their constitutional rights. (Doc. No. 1). The Complaint was so seriously deficient that the Court was unable to complete initial review. On May 15, 2018, the Court ordered Plaintiffs to file IFP applications and an Amended Complaint within 21 days. (Doc. No. 3). The Court cautioned Plaintiffs that failure to comply would probably result in dismissal. The Court also informed Plaintiffs that the filing of more than one Amended Complaint would probably result in the opening of separate § 1983 cases. Plaintiffs did not file a single Amended Complaint pursuant to the Court's instruction and the case was severed. (Doc. No. 6).

Plaintiff's Amended Complaint, (Doc. No. 5), passed initial review on claims regarding the deprivation of his property, cruel and unusual conditions of confinement, and deprivation of privacy. See (Doc. No. 12). Defendants have now filed a Motion to Dismiss asserting that Plaintiff

1

has failed to exhaust the available administrative remedies with regards to these claims. (Doc. No. 29). The Court issued an Order on March 18, 2019, informing Petitioner of his right to respond to Defendants' Motion and cautioned him that failure to do so may result in dismissal. (Doc. No. 32). Plaintiff has not filed a response.

**(1)** <u>**Amended Complaint**</u> (Doc. No. 5)

Plaintiff alleges that he arrived at Marion C.I. on January 26, 2017. Upon entering the RDU Program, he was forced to either send home or donate his legal books, literature, and religious literature. None of Plaintiff Johnson's property exceeded the two cubic foot limit. He failed to meet the deadline for his federal habeas corpus petition, which was March 8, 2018, because he did not have the needed legal books and literature. When Plaintiff Johnson said he needed his religious literature, he was told "Rastafarian or Moorish science was not real religions so I shouldn't feel bad." (Doc. No. 13 at 5). His personal privacy was invaded when he was forced to talk about or fill out a survey regarding his past and his present medical, mental health, criminal charges, and family issues, which has exposed to psychological harm, and Sergeant Pruett called him a "crack baby." (Doc. No. 13 at 5). Plaintiff Johnson has been forced to do six months in segregation with no procedural due process. It is fraud to hold him in segregation from March 10, 2018, to September 10, 2018, while his status in the prison remained "Reg. Population." (Doc. No. 13 at 5). Plaintiff Johnson claims that he has completed the RDU Program but is still in segregation. He is being harassed continuously and pepper spray was put in his food three times. His injuries have included psychological harm, separation from his immediate family, "assassination of character," violation of federal constitutional rights and privileges, discrimination, and the right to practice his religion. (Doc. No. 5 at 5). Plaintiff Johnson seeks on behalf of himself and participants in the "class" damages of $250,000, removal from the RDU

Program, and cancellation of the RDU Program. (Id.).

**(2)** **Motion to Dismiss** (Doc. No. 29)

Defendants concede that Plaintiff did exhaust his administrative grievances, but not do so until after he filed the initial Complaint with his fellow Plaintiffs. The failure to exhaust was done despite being fully aware of the administrative remedy process as it is a part of inmate orientation, it is explained orally to each inmate, and Plaintiff himself filed several other grievances that were fully exhausted. Plaintiff therefore failed to satisfy the PLRA's exhaustion requirement and all claims should be dismissed with prejudice.

**(3)** **Plaintiff's Response**

The Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), instructing Plaintiff regarding his right to respond to Defendants' Motion and cautioning Petitioner that failure to do so may result in the relief they seek. (Doc. No. 32). Plaintiff has not responded to the Motion to Dismiss to date.

**II.    STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250,

255 (4th Cir. 2009). Nor does a court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009).

### III. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. The PLRA's exhaustion requirement applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516 (2002). Exhaustion is mandatory. Id. at 524 (citation omitted); Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id. A prisoner is not entitled to exhaust administrative remedies during the pendency of an action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). The PLRA requires "proper" exhaustion, that is, "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218. It is well settled that a grievance does not have to mention a defendant by name so long as the grievance gives the defendant fair notice of the claim. See Moore v. Bennette, 517 F.3d 717, 729 (4th Cir. 2008)

(NCDPS's administrative remedy procedure does not require a plaintiff to name each defendant in his grievances). However, regardless of whether a particular defendant is named in a grievance, if the grievance fails to give prison authorities fair notice of, and the opportunity to address, the problem that will later form the basis of the suit against that defendant, dismissal of that defendant is appropriate. See Davidson v. Davis, 2015 WL 996629 at *3 (W.D.N.C. Mar. 6, 2015) (citing Johnson v. Johnson, 385 F.3d 503, 516-17 (5th Cir. 2004)).

NCDPS policy has a three-step administrative remedy procedure that requires an inmate to complete all three steps.[1] Each step of grievance review has a time limit during. NCDPS Policy & Procedures .0307(f). A grievance may be rejected at any level if there has been a time lapse of more than 90 days between the alleged event and submission of a grievance. NCDPS Policy & Procedures .0306(c)(2). If an inmate does not receive a response within the time to do so at any step, the absence of a response is deemed a denial which the inmate may then appeal. NCPS Policy & Procedures .0307(f)(5).

Defendants argue, and Plaintiff does not attempt to refute, that Plaintiff did not exhaust grievances until after the initial Complaint was filed in this case.

The Court agrees that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, and therefore, that dismissal is warranted under the PLRA. However, the dismissal will be without prejudice.

### IV. CONCLUSION

In sum, for the reasons stated herein, Defendants' Motion to Dismiss will be granted, but the dismissal will be without prejudice.

**IT IS, THEREFORE, ORDERED** that:

---

[1] The Court takes judicial notice of this portion of NCDPS's Policy and Procedures as a matter of public record. See Fed. R. Ev. 201.

1. Defendants' Motion to Dismiss for Failure to Exhaust Administrative Grievances re: PLRA, (Doc. No. 29), is **GRANTED** without prejudice.

2. The Clerk of Court is instructed to close this case.

Signed: June 28, 2019

Frank D. Whitney
Chief United States District Judge